UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

MARIA THERESA GUANIRO ZAMORA;
ALEX TANTALEAN; CECILIA DELGADO;
and SONIA CARRANZA,

       Plaintiffs,

vs.

ACE AMERICAN INSURANCE COMPANY,

       Defendant.

_____ /

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

The Plaintiffs, Maria Theresa Guaniro Zamora, ("Zamora"); Alex Tantalean, ("Tantalean"); Cecilia Delgado, ("Delgado"); and Sonia Carranza, ("Carranza"), (hereinafter referred to individually by name or collectively as the "Plaintiffs"), sue the Defendant Ace American Insurance Company, ("Ace"), as follows:

## NATURE OF ACTION

1.     This is an action for declaratory relief under 28 U.S.C. §2201, to establish the amount of underinsured/uninsured motorist coverage under an excess liability insurance policy issued by Ace, as well as individual claims by the named Plaintiffs for damages under said policy.

1

## JURISDICTION AND VENUE

2.     Jurisdiction is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of attorney's fees, interest and costs. 28 U.S.C. §1332.

3.     Venue is proper in this district because the events giving rise to the claims occurred here. 28 U.S.C. §1391. More specifically, this is the district where the underlying accident occurred.

## THE PARTIES

4.     The Plaintiffs Zamora, Tantalean, Delgado and Carranza are citizens of Peru.

5.     The Defendant Ace is a citizen of the State of Pennsylvania, both incorporated in Pennsylvania and with its principal place of business in Pennsylvania.

## COMMON ALLEGATIONS

6.     On or about October 16, 2015, the Plaintiff Zamora rented a vehicle from Alamo. As part of the transaction, Zamora purchased "extended protection" in the form of a $1,000,000 excess policy underwritten by Ace. A copy of the rental receipt is attached hereto as Exhibit A.

7.     On or about October 23, 2015, Zamora,  while operating the Alamo vehicle, was involved in an accident with an uninsured/underinsured vehicle being operated by Maria Regina Siqueira at or near the intersection of State Road 854 (Ives Dairy Road) and Highland Lakes Blvd. (N.E. 20th Ave.) in Miami - Dade County. At the

time of the accident, the Plaintiffs, Tantalean, Delgado and Carranza were passengers in the Alamo vehicle.

8.      As   a   result   of   the   accident,   and   the   negligence   of   the uninsured/underinsured motorist, Siqueira, the Plaintiffs sustained serious bodily injuries.

9.      Following said accident, the Plaintiffs made a demand for payment of the uninsured/underinsured motorist ("UM/UIM") limits under the Ace policy. In response, Ace indicated that notwithstanding that the liability limits of the "extended protection," or Ace excess policy, purchased by Zamora, were $1,000,000, there was only $100,000 in UM/UIM benefits available.

**COUNT I**
**CLAIM FOR DECLARATORY RELIEF REGARDING LIMITS OF**
**UNINSURED/UNDERINSURED MOTORIST COVERAGE**

10.     The Plaintiffs reallege and reaver the allegations contained in paragraphs 1 through 9 above as if fully set forth herein.

11.     Florida Statute 627.727(2) provides that:

> [a]n insurer issuing an [excess motor vehicle policy] shall make available as part of the application for such policy, and at the written request of an insured, limits [of UM coverage] up to the bodily injury liability limits contained in such policy or $1 million, whichever is less.

12.     It is the Plaintiffs' position that in issuing the subject Ace "extended protection" or excess liability insurance policy, Ace has failed to comply with the aforementioned provisions of the Florida Uninsured Motorist Statute. Specifically, in

selling said policy to the Plaintiff Zamora, Ace has failed to "make available as part of the application for such policy at the written request of an insured [Zamora], limits [of UM/UIM coverage] up to the bodily injury limits contained in such policy or $1,000,000 whichever is less." Accordingly, based on Ace's failure to comply with §627.727(2) Fla. Stat., the Ace policy should be reformed to provide $1,000,000 in UM/UIM coverage.

13.     In contrast, it is the Defendant Ace's position that there is only $100,000 in UM/UIM benefits available to the Plaintiffs.

14.     A dispute having arisen between the Parties as to the terms of the Ace policy, the Plaintiffs request entry of a declaratory decree that there is $1,000 000 in UM/UIM benefits available to Plaintiffs under the Ace extended protection or excess policy.

## COUNT II
## INDIVIDUAL CLAIM OF ZAMORA AGAINST ACE

15.     The Plaintiff Zamora realleges and reavers the allegations contained in paragraphs 1 through 9 above as if fully set forth herein.

16.     As a direct result of the negligence of the uninsured/underinsured motorist, Siqueira, for which Ace provides UM/UIM coverage, the Plaintiff Zamora has sustained injuries and damages as follows: past and future pain and suffering; disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; expenses of hospitalization; medical and nursing treatment; loss of earnings; loss of ability to earn

money; and aggravation of preexisting conditions. The aforementioned losses are either permanent or continuing and Zamora will suffer losses in the future.

**WHEREFORE**, the Plaintiff Zamora demands judgment against the Defendant Ace for compensatory damages; attorney's fees pursuant to §627.428 Fla. Stat.; costs and any other relief deemed proper.

## COUNT III
## INDIVIDUAL CLAIM OF TANTALEAN AGAINST ACE

17.    The Plaintiff Tantalean realleges and reavers the allegations contained in Paragraphs 1 through 9 above as if fully set forth herein.

18.    As a direct result of the negligence of the uninsured/underinsured motorist, Siqueira, for which Ace provides UM/UIM coverage, Tantalean has sustained injuries and damages as follows: past and future pain and suffering; disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; expenses of hospitalization; medical and nursing treatment; loss of earnings; loss of ability to earn money; and aggravation of preexisting conditions. The losses are either permanent or continuing and Tantalean will suffer losses in the future.

**WHEREFORE** the Plaintiff Tantalean demands judgment against the Defendant Ace for compensatory damages; attorney's fees pursuant to §627.428 Fla. Stat.; costs and any other relief deemed just and proper.

## COUNT IV
## INDIVIDUAL CLAIM OF DELGADO AGAINST ACE

19.    The Plaintiff Delgado realleges and reavers the allegations contained in paragraphs 1 through 9 above as if fully set forth herein.

20.    As a result of the negligence of the uninsured/underinsured motorist, Siqueira, for which Ace provides UM/UIM coverage, the Plaintiff Delgado has sustained injuries and damages as follows: past and future pain and suffering; disability; disfigurement; mental anguish; loss of capacity for enjoyment of life; expenses of hospitalization; medical and nursing treatment; loss of earnings; loss of ability to earn money; and aggravation of preexisting conditions. The aforementioned losses are either permanent or continuing and Delgado will suffer losses in the future.

**WHEREFORE**, the Plaintiff Delgado demands judgment against the Defendant Ace for compensatory damages, attorney's fees pursuant §627.428 Fla. Stat., costs and any other relief deemed just and proper.

## COUNT V
## INDIVIDUAL CLAIM OF CARRANZA AGAINST ACE

21.    The Plaintiff Carranza realleges and reavers the allegations contained in paragraphs 1 through 9 above as if fully set forth herein.

22.    As a direct result of the negligence of the uninsured/underinsured motorist, Siqueira, for which Ace provides UM/UIM coverage, Carranza has sustained injuries and damages as follows; past and future pain and suffering; disability; mental

anguish; loss of capacity for enjoyment of life; expenses of hospitalization; medical and nursing treatment; loss of earnings; loss of ability to earn money and aggravation of preexisting condition. The losses are either permanent or continuing and Carranza will suffer losses in the future.

      **WHEREFORE**, the Plaintiff Carranza demands judgment against the Defendant Ace for compensatory damages, attorney's fees pursuant to §627.428 Fla. Stat., costs and any other relief deemed just and proper.

## DEMAND FOR JURY TRIAL

      The Plaintiffs demand trial by jury of all issues so triable.

Christopher J. Lynch, Esq.
Hunter & Lynch
6915 Red Road
Suite 208
Coral Gables, Florida 33143
Telephone (305) 443-6200

By:/s/ Christopher J. Lynch
CHRISTOPHER J. LYNCH
FBN: 331041

Ed Middlebrooks, Esq.
Law Offices of Middlebrooks & Middlebrooks, P.A.
Blackstone Building, Sixth Floor
707 SE 3rd Avenue
Ft. Lauderdale, FL 33316

By:/s/ Ed Middlebrooks
ED MIDDLEBROOKS
FBN: 054734